UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. TATAR,

        Plaintiff,

CASE NO. 11-11212

v.

HON. MARIANNE O. BATTANI

WACHOVIA BANK, N.A.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S CLAIMS**

Before the Court are Defendant's Motion to Dismiss and/or for Summary Judgment on All of Plaintiff's Claims (Doc. No. 4), and Plaintiff's Motion to Dismiss for Summary Judgment, (Doc. No. 7). The Court scheduled a hearing on the motions for June 9, 2010. Because Plaintiff John Tatar's counsel, Michael D. Jones, failed to appear and failed to contact the Court regarding his absence, the Court cancelled oral argument. Instead, the Court informed Mr. Tatar and Defendant, Wells Fargo Bank, N.A. (Wells Fargo) that it would issue a written opinion. For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I. STATEMENT OF FACTS**

On June 13, 2005, Plaintiff received a loan in the amount of $244,850 from World Savings Bank, FSB[1] and executed an adjustable rate mortgage for 16451 Savoie, Livonia, as security for the note. (Doc. No. 4, Exs. 2, 3.) After Plaintiff defaulted on his loan,

---

[1] World Savings Bank, FSB became Wachovia Mortgage, FSB, which subsequently merged into Wells Fargo Bank, N.A.

Defendant initiated foreclosure proceedings and purchased the property, which was sold August 18, 2010, at a sheriff's sale. The redemption period expired on February 18, 2011, the date Plaintiff filed this action.

Wells Fargo filed its motion for dismissal, raises four challenges to the viability of Plaintiff's claims in its motion: lack of standing based on the timing of the filing of the complaint, laches, for the same reason, failure to state a claim under the Fair Debt Collection Practices Act ("FDCPA") because Defendant is not a creditor, and failure to state a claim as to the propriety of the sheriff's sale because the Special Deputy conducting the sale, Ralph Leggat, was appointed properly.

Plaintiff did not file a response to the motion. Instead, Tatar filed a motion to dismiss, in which he asserts that Defendant's motion ignores many of the allegations in his complaint. In essence, his motion challenges the adequacy of Defendant's dispositive motion. Because Plaintiff did not file a response to Defendant's motion, the Court considers his motion to be the response.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F. Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]" In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

### III. ANALYSIS

Before addressing the merits of Defendant's motion, the Court must decide whether several of Defendant's exhibits, which were not attached to the Complaint, should be deemed part of the pleadings. Rule 12(d) of the Federal Rules of Civil Procedure provides that when a court decides a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. See 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed.1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim. . . ." Id. In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id.; see, e.g., Weiner v. Klais &

3

Co., 108 F.3d 86, 89 (6th Cir. 1997) (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to the plaintiff's claim for benefits under the plan).

Here, the Court declines to convert the motion based upon a review of the Note and Mortgage because the complaint refers to the documents, which are central to Plaintiff's claim. See Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (finding insurance policies were not matters outside the pleadings because they were referred to throughout the complaint and central to the claims). The Court reaches the same conclusion as to Exhibit 6 to Defendant's motion, which is a copy of the appointment of Special Deputy Leggat. In his complaint, Plaintiff alleges that the Sheriff's Sale did not comply with the governing statutory provisions because Leggat was not appointed properly. (Compl. at ¶¶ 15-16.) Although Plaintiff attached several exhibits to his complaint to support his allegations, (see Comp., Exs. B, C.), he did not included the actual appointment. The appointment is central to Plaintiff's claims; therefore, the Court concludes it may be considered part of the pleadings.

### A. Statutory Compliance

Plaintiff alleges that Leggat lacked authority to conduct the sheriff's sale because the undersheriff appointed Leggat. (Compl., ¶ 16.) As support for his assertion, Plaintiff attached a copy of two orders from state court to his complaint. Exhibit B is an order, arising out of a mortgage dispute between different parties, in which the state court held that the appointment of Leggat by an undersheriff does not comply with the governing state statute. (Compl., Ex. B.) Exhibit C likewise is an order holding the appointment of Leggat

to conduct sheriff's sale defective because the undersheriff signed it. (Compl., Ex. C.)

In the case before this Court, the Wayne County Sheriff, Benny Napoleon, appointed Leggat. (See Doc. No. 4, Exs. 5, 6.) Napoleon signed the appointment on September 20, 2009, and Leggat's term did not end until December 31, 2010. Further, the Appointment specifies that Leggat may "act as auctioneer to hold all sheriff's sales, issue deeds, adjourn sheriff's sales and perform related work. (Id.)

These facts demonstrate that Leggat's appointment complied with MICH. COMP. LAWS § 51.70., which governs the process for a county sheriff when selecting a deputy sheriff. The statute reads in pertinent part:

> Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies and each sheriff may revoke those appointments at any time.

MICH. COMP. LAWS § 51.70.

In sum, Leggat signed the Sheriff's deed (Compl., Ex. A) on August 18, 2010, an act he was authorized to perform by the Wayne County Sheriff. Therefore, Plaintiff's claim challenging the propriety of the sale fails to state a claim upon which relief may be granted.

### B. VIABILITY OF THE FDCPA CLAIM

The parties dispute whether Plaintiff's FDCPA claim can survive a motion to dismiss. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). It defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails

in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Although Wells Fargo did attempt to collect the debt, the plain language of 15 U.S.C. § 1692a(6)(F)(ii) excludes as a "debt collector," a creditor who is collecting his or her own debt. A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

In Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003), the appellate court stated that "the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors." Because the term "debt collector" does not include the creditor collecting its own debt, the FDCPA claim against Wells Fargo fails to state a claim for which relief may be granted. See also Police v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (citing Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection. . .are not subject to the Act. . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.")); Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1080) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.")

In light of the Court's conclusion that the foreclosure was conducted in compliance with the statute, and that Defendant did not violate the FDCPA, the other arguments advanced by Defendant in its motion need not be addressed.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: June 23, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon the Plaintiff, John J. Tatar, personally, and via ordinary U.S. Mail, and counsel of record on this date by electronic filing.

        s/Bernadette M. Thebolt
        Case Manager